### CHARLES DUFFIELD

*v.*

### WILLIAM J. A. DELANCEY

1. INSTRUCTIONS — *evidence — affirmative — negative.* All issues of fact must be proved, either by affirmative or negative evidence. It is error to instruct the jury that title to personal property must be proved by affirmative evidence.

2. SAME — *law — facts.* It is the province of the court to instruct the jury as to the law of the case, and that of the jury to find the facts proved by the evidence. It is error for the court, in giving an instruction to the jury, to assume that facts have been proved; that is alone for the jury to find.

3. SALE OF PROPERTY — *consideration.* Where there is a question of fraud, and it is insisted that the sale is without consideration, it is error for the court, in giving an instruction, to assume that the sale was made without remuneration.

WRIT OF ERROR to the Circuit Court of Marion county ; the Hon. SILAS L. BRYAN, Judge, presiding.

This was an action of replevin, bought by Charles Duffield, against William J. A. Delancey, to the August term of the Marion Circuit Court, for the recovery of a variety of articles of personal property levied upon by defendant, under execution in his hands for collection.

It appears that the property was seized as that of Amos Duffield, against whom defendant had an execution. Plaintiff claimed to be the owner of the property by a purchase from his brother Amos.

On the trial he proved that Amos was largely indebted to him, and produced a bill of sale embracing the property in controversy, executed by his brother Amos to himself.

It also appears that Amos remained on the farm, on which the property was situated, and the property was on the farm and under the control of Amos, at the time of the levy. It was claimed, and Amos swears, that he was the agent of plaintiff, and received twenty-five dollars per month from him, for labor on the farm.

By defendant it was claimed that the sale was only colorable, and made to defraud creditors, and he introduced evidence to prove that the possession of the property never changed at or after the sale. Also, evidence to show that Amos was in failing circumstances at the time the sale was made.

The court gave, at the request of defendant below, amongst others, these instructions:

1. "The court instructs the jury for the defendant, that the plaintiff in this suit must prove to the satisfaction of the jury, by affirmative evidence, that the title to the property mentioned in the case, is the property of Charles Duffield; purchased in good faith and without fraud; and unless they so believe, they must find for the defendant."

3. "That in making up their minds as to the question of fraud in this case, between Charles Duffield and Amos, the jury are entitled to consider the fact of relationship of the parties — the failing circumstances of Amos, and any unusual particularity of the parties, in making the contract of sale; and if they believe, from the evidence, that the sale pretended to be made was to defraud the creditors of Amos Duffield, they must find for the defendant."

7. "That in deciding upon the question, as to whether the sale from Amos to Charles Duffield was made in good faith, the jury have a right to take into consideration any circumstances which, if proved, tend to show a fraudulent intent in said Amos and Charles; such as their relationship, and the said Amos being the seller and agent to receive the property for his brother Charles, the indebtedness of said Amos at the time of sale, and any unusual particularity used in making the contract of sale, also, the sale being a transfer of every article of property in possession of said Amos, without any remu-

neration whatever, together with all the circumstances sur-
rounding the transaction in proof before them, having a tendency
to show bad faith in the transaction, or a fraudulent intent, on
the part of said Amos and plaintiff, in making said contract
of sale."

Plaintiff below excepted to the giving of these instructions.
The jury returned a verdict in favor of defendant. Plaintiff
entered a motion for a new trial, which was overruled, and an
exception taken. The court rendered a judgment against
plaintiff below, for a return of the property, and awarded a
writ of *retorno habendo*, and a judgment for costs.

Plaintiff below brings the case to this court on a writ of
error, for the reversal of the judgment. He assigns for error,
the giving of defendant's first, second, third, fourth, fifth, sixth,
seventh and eighth instructions ; and the overruling his motion
for a new trial.

Messrs. WILLARD & GOODNOW, for the Plaintiff in Error.

Messrs. PETERS & SMITH, for the Defendant in Error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the
Court :

A reversal of this judgment is urged, upon the ground that
erroneous instructions were given to the jury. The case was an
action of replevin, by plaintiff in error against the sheriff, for
divers articles of personal property which had been seized on an
execution against Amos Duffield, of whom plaintiff in error
claimed to have purchased them. It was insisted on the trial
below, that the sale was only colorable, and made to hinder and
delay creditors. It devolved upon plaintiff in error to establish
title to the property before he could recover, and if he established
a *prima facie* title it was necessary to be rebutted, to prevent
his recovery.

It appears that the purchase was made, but it was insisted
that possession did not accompany the apparent ownership, and
that the vendor continued to retain possession, as though the

sale had not been made.   On the contrary, it was claimed, that there was a delivery in fact.   This seems to have been the main point in controversy.   It was also insisted, that there was no consideration to support the sale, which was controverted. And for the purpose of raising a presumption of fraud, the defendant in error attempted to show that Amos Duffield was in failing circumstances.

The first instruction given for the defendant below, informs the jury that the plaintiff was bound to prove to their satisfaction, by affirmative evidence, that the title to the property in controversy was in him, before he could recover.   It is supposed, that the court below intended to instruct the jury that the fact must be proved by sufficient and not by affirmative evidence, as it does not matter, whether a fact is established by affirmative or negative evidence.   The proof is what is required, and not the character of the evidence, so that it is legitimate and to the issue.   But the effect of this instruction was to mislead the jury, and it should have been modified before it was given.

The third instruction assumes that Amos Duffield was in failing circumstances, and informs the jury that it is a circumstance, together with the relationship of the parties, proper to be considered in determining whether the transaction was fraudulent.   Whether he was in failing circumstances or not, was for the determination of the jury, and not for the court, from a consideration of all the evidence in the case.   The two facts, if established, would undoubtedly be evidence in the case, but its weight would be increased or lessened by other circumstances.   A man who is laboring under pecuniary embarrassment, may undoubtedly sell property to a brother, if the intention is not to defraud creditors, and the object of the sale must be inferred from the whole of the evidence in the case.

In the seventh instruction given for defendant below, the court assumes that the sale was a transfer of every article of the property in possession of Amos, without any remuneration whatever.   This seems to settle the whole controversy, for if

there was no remuneration to Amos for the property, the sale was without consideration, and was necessarily void, as to creditors. This was one of the material and highly important questions being tried by the jury, yet the instruction seems to relieve them from its consideration. When that fact was taken as established, the jury could only find the verdict which they returned. And we must suppose they obeyed the instruction, and if so, the instruction took the question from their consideration. The question should have been left to them.

The judgment of the court below is reversed, and the cause is remanded.

*Judgment reversed.*